TurNEY, J.,
delivered the opinion of the Court.
At the June Term, 1868, of the Circuit Court for *30 Knox county, an indictment for perjury was preferred and found against the defendant in error. To the indictment is a demurrer, assigning for cause:
1st. That said indictment contains no charge of an offense against the laws of Tennessee.
2d. There is no allegation in said indictment, that the affidavit was made in any material matter or issue.
The Court sustained the demurrer, as we think, properly.
The indictment is predicated upon the written affidavit of the defendant, from which it appears, as recited in the indictment, that he had an action of assumpsit pending in the Circuit Court for Knox county; and desiring to have issued an ancillary attachment, he applied to the Clerk of said Court therefor, and in support of his application filed his written affidavit, the indictment averring that, “The said L. H. Bowlus, being so sworn as aforesaid, not having the fear of God before his eyes, but being moved and seduced by the instigation of the Devil, then and there, upon his oath aforesaid, before the said E. W. Atkins, Deputy Clerk, as aforesaid; the said E. W. Atkins then and there having a lawful and competent power and authority to administer said oath to the said L. H. Bowlus in that behalf; falsely, corruptly, knowingly, wilfully and maliciously, in and by his said affidavit in writing, did depose and swear, among other things, in substance and to the effect following: that is to say, that he, meaning the said L. H. Bowlus, has heretofore brought a suit which is now pending in the Circuit Court of Knox county, in which he, meaning the said L. H. Bowlus, is plaintiff, and Alexander Ken *31 nedy, jr., is defendant, meaning the Alexander Kennedy, jr., above mentioned; that said suit is a civil action, in which he, meaning the said L. H. Bowlus, claims damages to the amount of twelve hundred dollars for trespass on the case, upon promises due by account for work and labor, meaning that the said Alexander Kennedy, jr., was indebted to the said L. H. Bowlus in the sum of twelve hundred dollars for work and labor done by the said L. H. Bowlus, for the said Alexander Kennedy, as in and by the said affidavit of the said L. H. Bowlus, filed in the Circuit Court of Knox county aforesaid, more fully and at large appears.”
There are two counts in the indictment. The extract of the affidavit, as above set out, and upon which the charge of perjury, by this indictment, is based, is substantially recited in both. The indictment negatives the indebtedness recited in the affidavit.
By section 4793 of the Code, it is provided that any person who wilfully and corruptly swears or affirms falsely, in any material matter, upon any oath or affirmation required or authorized by law, is guilty of perj ury.
Trying the indictment in this case by the provisions above, it is fatally defective. There is no averment of the existence of a suit, in aid of which an ancillary attachment is sought. From the indictment, we know nothing of such suit, except as it appears from the recitals of the affidavit; nor is there any averment of the materiality of the matter alleged to have been sworn to. So far as we are able to see, from this indictment, and *32 we must confine ourselves to its face, no material matter, required or authorized by law, is sworn to.
The affidavit set out was wholly insufficient to authorize the issuance of an attachment, no causes required by law being stated by it. An attachment issued upon it would have been absolutely void.
Everything necessary to constitute the crime must be averred. If the oath was taken in a judicial proceeding, the proceeding must be sufficiently described and set out to show that the Court had jurisdiction. If taken before a Clerk or other ministerial officer, in aid or promotion of a judicial proceeding, not only must the judicial proceeding be set out, but the oath must be so fully recited as to show that the official administering it was required and authorized by law to administer it for the purposes contemplated in the application or submission to take, or take and subscribe it. Otherwise, as this court said in the case of Steinston v. State, 6 Yer., 531, “State prosecutions may be supported by intendment.”
Judgment affirmed, and prisoner discharged